Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000017
29-AUG-2022
07:57 AM
Dkt. 69 MO

NO. CAAP-18-0000017


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GORDIE DE LOS SANTOS LAT, Plaintiff-Appellee, v.
GLENN F. WOO, Defendant-Appellant,
and
JOHN DOES 1-20, JANE DOES 1-20
AND DOE ENTITIES, 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1617)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Glenn F. Woo (**Woo**) appeals from the "Final Judgment" filed on December 19, 2017, and challenges the "Order Granting In Part and Denying In Part Plaintiff Gordie De Los Santos Lat's Motion for Partial Summary Judgment" (**Order Granting Partial Summary Judgment**) filed on November 15, 2017, by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The parties dispute ownership of parking stall number 60 (**Stall 60**) at The Rosalei condominium in Waikiki.  On appeal, Woo contends the Circuit Court erred in granting partial summary judgment to Plaintiff-Appellee Gordie De Los Santos Lat (**Lat**) on Count I (declaratory judgment), asserting that Lat's mother, Florence De Los Santos Lat Marton (**Marton**), purchased Unit 1113

---

[1]  The Honorable Virginia L. Crandall presided.

(**Unit 1113** or **the Unit**) at The Rosalei without Stall 60. Woo also contends the Circuit Court erred in granting partial summary judgment to Lat on Count II (injunctive relief), enjoining "Woo from using, possessing, or renting the Stall" because Lat cannot prove irreparable injury and because granting summary judgement to Lat on Count I rendered Count II moot. Further, Woo contends that Lat's Motion for Partial Summary Judgment (**MSJ**) was filed prematurely given the time limit prescribed by Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(a).

## I. Background

## A. Undisputed Facts

The Rosalei was converted to a condominium project in 2002. The Declaration of Condominium Property Regime for The Rosalei (**Declaration**), recorded in September 2002, provided as to Limited Common Elements:

> 4. <u>Limited Common Elements</u>. Certain parts of the Common elements, herein called the "Limited Common Elements," are hereby designated, set aside and reserved for the exclusive use of certain Apartments, and such Apartments shall have appurtenant thereto exclusive easements for the use of such Limited Common Elements as set forth herein. . . . Notwithstanding anything to the contrary contained in this Declaration, no amendment of this Declaration affecting the Limited Common Elements appurtenant to an Apartment or Apartments shall be effective without the consent of the Owner or Owners affected.
>
> a. <u>Parking.</u> The parking stalls for the Project are located [in] the basement and first floors of the Project as shown on the Condominium Map. Each of the parking stalls is assigned to an Apartment as a limited common element as shown on Exhibit "B". <u>Upon compliance with Section 514A-14</u> of the Act, each Owner shall have the right, from time to time, to assign and reassign the parking stall(s) assigned the Owner's Apartment to another Apartment in the Project, provided that the Association and Managing Agent shall be promptly notified of all assignments and reassignments of parking stalls. Any parking stalls assigned to the Resident Manager's Apartment that is owned by the Association may be used or transferred as the Board determines.

(Emphasis added.) In addition to the parking stall provision, section D of the Declaration provides:

> The Common Interest and easements appurtenant to each Apartment shall have a permanent character and shall not be altered without the consent of all of the Apartment Owners affected, <u>expressed in an amendment to this Declaration duly recorded or except as otherwise set forth in this Declaration.</u> The Common

2

> Interest and easements shall not be separated from the Apartment to which they appertain, and shall be deemed to be conveyed, leased or encumbered with such Apartment even though such interest or easements are not expressly mentioned or described in the conveyance or other instrument.  The Common Elements shall remain undivided, and no right shall exist to partition or divide any part thereof **except as provided by [HRS § 514A-14].**

(Emphasis added.)

At the time the Declaration was filed, HRS § 514A-14 (1993) provided:

> Parking Stalls.  Notwithstanding any provision of the declaration, apartment owners shall have the right to change the designation of parking stalls which are appurtenant to their respective apartments by amendment of the declaration and respective apartment leases or deeds involved.  The amendment need only be signed and approved by the lessor (in the case of a leasehold project) and the owners (and their respective mortgagees if any) of the apartments whose parking stalls are being changed.  The amendment shall be effective only upon recording or filing of the same of record with the bureau of conveyances. [2]

(Emphasis added.)

In 2003, Apartment Unit 1113 (**Unit**) and appurtenant Parking Stall 60 (**Stall 60**) were transferred to Rosalei Kaiolu Partners (**RKP**) via deed (**2003 Deed**) and accompanied by transfer certificate of title number 678003 (**2003 TCT**).  The 2003 Deed states that the Declaration is incorporated "by reference with the same effect as though fully set forth herein, and as the same are or may hereafter be amended from time to time in accordance with law and the terms of the Declaration and Bylaws[.]"  The 2003 Deed explicitly identifies the Stall in the description of the Unit:

> ITEM XVII:
>
> FIRST: Apartment No. 1113 of that certain condominium project known as "THE ROSALEI" (hereinafter called the "Project"), as described in and established by that certain Declaration of Condominium Property Regime of the Rosalei dated June 27, 2002, recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 2843038, as noted on Certificate of Title No.

---

[2]  HRS § 514A-14 has since been repealed.  2017 Haw. Sess. Laws Act 181, § 2 at 629.

> 258,141, and by those certain Bylaws of the Association of
> Apartment Owners of the Rosalei dated June 27, 2002, and
> recorded in said Office as Document No. 2843039, as the same
> may be amended from time to time (hereinafter called the
> "Declaration" and "Bylaws", respectively), and as more fully
> shown on Condominium Map No. 1507, filed in said Office, as
> may be amended from time to time (hereinafter called the
> "Condominium Map").
>
> TOGETHER WITH the following appurtenant easements:
>
> a. Nonexclusive easements in the common elements
> designed for such purposes for ingress to, egress from,
> utility services for and support of said apartment and in
> the other common elements for use according to their
> respective purposes, all as set forth in said Declaration;
> and
>
> b. Exclusive easements to use (i) <u>Parking Stall No.
> 60</u>, and (ii) the other limited common elements appurtenant
> to and designated for the exclusive use of said apartment in
> said Declaration.

(Emphasis added.)  The 2003 TCT also references Stall 60 as part
of the Unit.

In 2006, the Unit was deeded to Lat's mother, Marton
(**2006 Deed**).  The 2006 Deed incorporates by reference the 2003
Deed.  The 2006 Deed does not explicitly identify Stall 60 as
being conveyed with the Unit.

In 2015, following the passing of Marton, Marton's
trust conveyed the Unit to Lat via trustees' deed (**2015 Deed**).
The 2015 Deed also did not explicitly identify Stall 60 as being
conveyed with the Unit.  It did, however, incorporate by
reference the 2006 Deed and provide a property description that
stated in relevant part: "[t]ogether with appurtenant easements
as follows: (A) Exclusive easements to use (i) Parking Space(s),
if any, and (ii) the other limited elements appurtenant to and
designated for the exclusive use of said Apartment, as shown in
the Declaration, as amended."  (Format altered.)

### B.  Woo's Contentions and Evidence

The dispute over whether Marton, and therefore Lat,
owned Stall 60 arose as Lat was preparing the Unit for sale in
2017.  On the same day an offer was made on the Unit with Stall
60, the resident manager for The Rosalei informed Lat that Woo
was claiming ownership to the Stall.  In opposition to Lat's MSJ,

4

Woo submitted a declaration attesting that when Marton purchased the Unit, Marton "was aware Unit 1113 was being sold without a parking stall."  Woo further alleged in his declaration that RKP "did not intend to convey [the Stall] as part of the Apartment Deed for Unit 1113."  In an email to Lat's counsel, Woo stated "we rented out the parking spot for about 10 years" with no question from Lat.  Woo further stated that RKP sold Stall 60 to a partner living in Hawaiʻi, who eventually sold the Stall to Woo.  Importantly, Woo indicates the sale of Stall 60 to him "was not recorded in any deeds."

### C.  The Circuit Court Ruling

The Circuit Court granted summary judgment for Lat on Counts I and II.  The Final Judgment states:

1.   The Motion is granted as to Count I for Declaratory Relief of the Complaint filed on October 3, 2017, and the Court declares Parking Stall No. 60 at The Rosalei Condominium is Attached to Unit 1113 at The Rosalei Condominium as a matter of law.
2.   The Motion is granted as to Count II of the Complaint filed on October 3, 2017, and Defendant is hereby enjoined from using, possessing, or renting Parking Stall No. 60 at The Rosalei.
3.   The Motion is denied without prejudice as to Counts III, IV, and V of the Complaint filed on October 3, 2017.

### II.  Standard of Review

"This court reviews a circuit court's grant or denial of summary judgment de novo."  Price v. AIG Hawaiʻi Ins. Co., Inc., 107 Hawaiʻi 106, 110, 111 P.3d 1, 5 (2005), as corrected on denial of reconsideration (Apr. 22, 2005) (citing Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)).  It is well settled that:

> summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the

effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Hawaii Cmty. Fed. Credit Union, 94 Hawai'i at 221, 11 P.3d at 9 (brackets, citations, and internal quotation marks omitted) (format altered).

### III.  Discussion

### A.  Timing of Lat's MSJ Motion

As a preliminary matter, Woo argues the Circuit Court should not have granted Lat's MSJ because it was prematurely filed five days earlier than allowed under HRCP Rule 56(a), preventing Woo from having time "to provide additional documents and facts."  In response, Lat argues that: Woo fails to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28[3] by not stating how the Circuit Court allegedly committed an error; Lat filed the MSJ on a good faith belief that it complied with the twenty-day minimum period under HCRP Rule 56(a); Woo was aware that Lat would be filing a complaint regarding the stall more than twenty days prior to the MSJ being filed; and Woo has failed to argue how he was prejudiced by the MSJ being filed allegedly five days early.

HRCP Rule 56(a) concerning summary judgment for claimants provides, in relevant part, "[a] party seeking recovery under this rule may seek relief at any time after the expiration

---

[3]  HRAP Rule 28 provides, in part, that an opening brief must contain:

[a] concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.

HRAP Rule 28 further provides that "[p]oints not presented in accordance with this section will be disregarded[.]"

of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party . . . ." Lat filed the Complaint on October 3, 2017 and filed the MSJ on October 18, 2017, fifteen days later.  The hearing on the MSJ was held on November 7, 2017.  Woo fails to demonstrate how the timing of the MSJ affected his substantial rights.  See HRCP Rule 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.").  Further, Woo does not argue on appeal that he sought an HRCP Rule 56(f) continuance or that such a continuance should have been granted by the Circuit Court.

Woo's contentions based on HRCP Rule 56(a) lack merit.

**B.    The Circuit Court Did Not Err in Granting Summary Judgment on Count I Because Stall 60 Remains Attached to Unit 1113**

As to Count I, the Circuit Court granted declaratory judgment in favor of Lat.  Woo argues that Stall 60 was not attached to Unit 1113 as a matter of law.  In particular, Woo contends that: because the 2006 Deed and 2015 Deed did not explicitly state that Stall 60 was conveyed with the Unit, unlike the 2003 Deed, Stall 60 could not have been conveyed with Unit 1113; although the 2015 Deed implies Stall 60 remained attached to Unit 1113, because Lat failed to attach the 2015 TCT to the MSJ it cannot be used to establish ownership of the stall;[4] and there is a factual dispute whether RKP intended to convey Stall 60 when it sold Unit 1113 to Marton.

Lat argues that the first entry on the 2003 TCT, which first deeded Unit 1113 with Stall 60, contained the Declaration, "meaning all subsequent transactions are subject to the Declaration."  Lat asserts that under HRS § 514A-14, a duly recorded amendment to the Declaration is required when a parking

_____

    [4]  Attached to Lat's Reply Memorandum in Support of Motion for Partial Summary Judgment, Lat's counsel declared that according to the Bureau of Conveyances, the 2015 TCT had not yet been issued.

stall at The Rosalei is reassigned and no such amendment was recorded.  Thus, Lat claims Stall 60 could not have been separated from Unit 1113.

We agree with Lat's contentions that given the requirements of HRS § 514A-14, Stall 60 remained appurtenant to Unit 1113.  Here, Woo failed to submit a recorded declaration or deed showing that Stall 60 was conveyed to him in accord with HRS § 514A-14, which is the guiding statute as set forth in at least two separate sections of the Declaration.  Indeed, the record reflects Woo has conceded that no such recorded deed exists.  As no declaration or deed was recorded reassigning Stall 60, the fact that Stall 60 is not mentioned in some of the TCTs or deeds is immaterial.[5]

### C.     The Circuit Court Did Not Err In Granting A Permanent Injunction to Lat

Woo argues that the Circuit Court erred in granting Lat partial summary judgment on Count II for injunctive relief because Lat cannot establish irreparable injury in that the value of Stall 60 can be easily quantified by determining a new price for the Unit without the Stall.  He also argues granting Lat summary judgement on Count I renders Count II "unnecessary and moot."

Lat counters that "real property is generally deemed unique such that monetary damages are insufficient to compensate

---

[5] Woo contends that summary judgment was improper where there was a question of material fact as to whether RKP intended to convey the Stall with Unit 1113 to Marton and whether Marton understood that she was not purchasing Stall 60 when she purchased the Unit.  Woo attempts to submit a declaration of the intent of the parties at the time Marton purchased the Unit.  However, the terms of the 2006 Deed conveying the Unit and Stall to Marton are unambiguous. Because the 2006 Deed is unambiguous, only the four corners of the deed are considered and therefore Woo's declaration may not be considered as evidence of the parties' intent.  See United Public Workers AFSCME, Local 646, AFL-CIO v. Dawson Intern., Inc., 113 Hawaiʻi 127, 140-41, 149 P.3d 495, 508-09 (2006) ("Thus, '[o]nce the parties execute an instrument which contains their whole agreement, their previous negotiations and agreements are legally ineffective and evidence relating to those previous negotiations or agreements is irrelevant regardless of who offers it.'").  Considering the unambiguous terms of the 2006 Deed conveying the Unit to Marton, and the applicable terms of the Declaration and HRS § 514A-14, there is no question of material fact as to the parties' intent when Marton purchased the Unit from RKP.  Thus, summary judgment was proper.

for the interference with a property right." (Citing 27A Am. Jur. 2d Equity § 30).  Lat also contends the grant of the injunction is not moot because prior to the Order Granting Summary Judgment, Woo was still "claim[ing] ownership of the Stall and directly interfer[ing] with the sale of the Unit, thereby preventing it from closing."

"Generally, the granting or denying of injunctive relief rests with the sound discretion of the trial court and the trial court's decision will be sustained absent a showing of a manifest abuse of discretion."  Waters of Life Loc. Sch. Bd. v. Charter Sch. Rev. Panel, 126 Hawaiʻi 183, 185, 268 P.3d 436, 438 (Ct. App. 2011), as corrected (Oct. 27, 2011).  With regard to permanent injunctions, the Hawaiʻi Supreme Court has articulated the three factors to consider: "(1) whether the plaintiff has prevailed on the merits; (2) whether the balance of irreparable damage favors the issuance of a permanent injunction; and (3) whether the public interest supports granting such an injunction."  Off. of Hawaiian Aff. v. Hous. & Comm. Dev. Corp. of Haw., 117 Hawaiʻi 174, 212, 177 P.3d 884, 922 (2008), rev'd on other grounds by Hawaii v. Off. of Hawaiian Aff., 556 U.S. 163 (2009)).

Generally, deprivation of an interest in real property constitutes irreparable harm sufficient for injunctive relief. See Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 297 (5th Cir. 2012) ("The deprivation of an interest in real property constitutes irreparable harm."); O'Hagan v. United States, 86 F.3d 776, 783 (8th Cir. 1996) (holding forced sale of interest in real property would result in irreparable harm where real property is unique and monetary damages are inadequate compensation); Bean v. Independent American Sav. Ass'n, 838 F.2d 739, 743 (5th Cir. 1988) (holding that interests in real property are presumed unique and there is no adequate remedy to substitute for injunctive relief).

Here, the Circuit Court did not manifestly abuse its discretion by granting summary judgment to Lat for injunctive

relief.  Contrary to Woo's claims, determining the value of Stall 60 does not represent an adequate remedy to substitute for injunctive relief.  Lat's interest in possessing and selling Stall 60 with the Unit is a unique property right.

Further, Lat's request for injunctive relief following the Circuit Court's ruling on Count I was not moot.  "[A] final injunction establishes that the defendant should not have been engaging in the conduct that was enjoined."  Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308, 315 (1999) (emphasis omitted).  At the time the Circuit Court granted summary judgment, it determined that Woo should not have been claiming ownership or in possession of the Stall, as he had continued to do until at least September 15, 2017, two months prior to the Circuit Court's decision.  Thus, the Circuit Court's grant of a permanent injunction to Lat was not in error.

## IV.  Conclusion

Based on the above, the "Order Granting In Part and Denying In Part Plaintiff Gordie De Los Santos Lat's Motion for Partial Summary Judgment," filed on November 15, 2017, and "Final Judgment," filed on December 19, 2017, by the Circuit Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, August 29, 2022.


On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Alvin T. Ito,
for Defendant-Appellant                 /s/ Clyde J. Wadsworth
                                        Associate Judge
Dennis W. King,
Tristan S.D. Andres,                    /s/ Karen T. Nakasone
for Plaintiff-Appellee                  Associate Judge